IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOURDES GUERRERO, IRIS RODRIGUEZ,    )
and MANUEL GUERRERO,    )
   )
        Plaintiffs,    )    Case No.   20 C 2980
   )
     v.    )
   )    Judge Robert W. Gettleman
HOWARD BANK,    )
   )
        Defendant.    )

## **MEMORANDUM OPINION & ORDER**

On May 19, 2020, plaintiffs Lourdes Guerrero, Iris Rodriguez, and Manuel Guerrero sued

defendant Howard Bank in a two-count complaint, asserting claims for declaratory judgment and

slander of title arising out of an allegedly fraudulent mortgage made to Amorous Lesko,

plaintiffs' niece.   In that complaint, plaintiffs alleged that defendant improperly recorded a

mortgage on their property without their consent, and that the mortgage was fraudulently

obtained by Amorous Lesko and her mother, Yvonne Lesko (plaintiffs' sister).   Defendant

answered the complaint and raised several affirmative defenses.   In April 2021, plaintiffs sold

the property for $700,000.   In order to consummate the sale, plaintiffs paid the contested

mortgage of $143,321.49.   On December 3, 2021, plaintiffs filed a First Amended Complaint,

which brings the same two counts of declaratory judgment (Count I) and slander of title (Count

II).   Defendant has moved to dismiss both counts.   For the reasons stated below, defendant's

motion (Doc. 101) is granted.

**BACKGROUND**

The facts relevant to the instant suit arise out of a dispute among four siblings, all of whom were original beneficiaries under their mother's will. According to the state court record, the three plaintiffs in this suit sued their older sister, Yvonne Lesko, in the Circuit Court of Cook County in 2011, alleging that Yvonne exerted undue influence over their mother, who suffered from Alzheimer's disease. Plaintiffs alleged that Yvonne misappropriated funds from their mother's accounts and made herself the sole beneficiary of their mother's home. The state trial court ruled in favor of plaintiffs, finding they were each entitled to a share of the misappropriated funds and a one-quarter interest in the home. Guerrero v. Lesko, 2018 IL App (1st) 163087-U.

On July 1, 2016, in the midst of the state court proceedings, Yvonne attempted to obtain a mortgage on the property from defendant in the instant case, Howard Bank. Plaintiffs allege that Howard Bank refused to grant Yvonne a mortgage due to the state court judgements entered against her and her poor credit history. Yvonne then improperly transferred the home to her daughter, Amorous Lesko, without the knowledge or authorization of the three plaintiffs, who each owned a quarter interest in the property. After the transfer, Amorous entered into a mortgage with Howard Bank on the property and split the proceeds with her mother, Yvonne. On December 22, 2016, defendant recorded its mortgage lien on the property, thereby encumbering plaintiffs' title.

Plaintiffs originally claimed that they were unable to sell the property because of defendant's mortgage lien. Plaintiffs brought the instant suit, alleging that Howard Bank improperly recorded the mortgage on the property, because it knew of the state court judgments against Yvonne and knew that it could not mortgage the property without plaintiffs' consent. In

2

April 2021, the plaintiffs sold the property, thereby paying off the mortgage.   On December 3, 2021, plaintiffs filed a First Amended Complaint, bringing the same claims for declaratory judgment and slander of title.

## DISCUSSION

"To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   For a claim to have "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft, 556 U.S. at 678.   "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief."   Id.   Allegations of fraud must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b), and "must state with particularity the circumstances constituting fraud or mistake."   Fed. R. Civ. P. 9(b).

Defendant moves to dismiss both counts.   As an initial matter, plaintiffs complain that defendant attached numerous exhibits to its motions to dismiss, including the underlying state court opinions, and emails between defendant and plaintiffs' counsel.   Generally, a district court ruling on a motion to dismiss may rely on documents attached to the motion to the extent they are part of the public record or referenced in the complaint.   See Squires-Cannon v. White, 864 F.3d 515, 517 (7th Cir. 2017).   Here, the court takes judicial notice of the underlying state court opinions and record, as they are central to plaintiffs' complaint and claims.   However, the complaint does not refer to the emails between defendant and plaintiffs' counsel, and the court will disregard those attachments.

Defendant moves to dismiss Count I, which requests a declaration that "Howard Bank had no right to a mortgage on Plaintiffs' property…and that Plaintiffs were entitled to a recordable Release of mortgage and that Plaintiffs are entitled to a return of their money from Howard Bank once it learned of Plaintiffs' interest in the property."   Defendant argues that plaintiffs' claim for declaratory judgment is really a claim to quiet title, and that the Declaratory Judgment Act does not create substantive rights.   For Count II, defendants argue that plaintiffs have failed to state a claim for slander of title because defendant had a valid mortgage on Yvonne's one-quarter interest in the property.

Regarding Count I, the court is easily persuaded that declaratory judgment is inappropriate in this case.   See 28 U.S.C. § 2201; Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942) (district courts have discretion whether to grant declaratory relief).   Indeed, plaintiffs' request for declaratory relief is puzzling—especially since the court cautioned against such a claim in an earlier order (Doc. 95)—and it is unclear what declaratory relief would accomplish.   The purpose of the Declaratory Judgment Act "is to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued."   Cunningham Bros., Inc. v. Bail, 407 F.2d 1165, 1167 (7th Cir. 1969).   Here, because any violation or liability is alleged to have already occurred, declaratory relief would serve no purpose.   See DriverDo LLC v. JP Morgan Chase Bank, N.A., 2021 WL 3487331, at *4-5 (N.D. Ill. Aug. 9, 2021).   Further, courts typically decline to grant declaratory relief when plaintiffs are merely seeking a declaration of liability, which plaintiffs appear to do here.   Id.   Count I is dismissed.

4

Moreover, both counts suffer from the same defect: neither claim ties any misconduct <u>by</u> <u>defendant</u> to the alleged harm in the complaint.    Plaintiffs detail fraudulent conduct by their sister, Yvonne, and their niece, Amorous, but plaintiffs fail to plead with any particularity misconduct by the defendant in this case—Howard Bank.    At most, plaintiff alleges that defendant knew of the state court judgments against Yvonne, and knew that Yvonne had only a one-quarter interest in the property.    Plaintiffs have not sufficiently pled any misconduct, let alone misconduct that satisfies Rule 9(b), against this defendant.    Consequently, defendant's motion to dismiss both claims is granted.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss (Doc. 101) is granted.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:   April 25, 2022**