IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOURDES GUERRERO, IRIS RODRIGUEZ, and MANUEL GUERRERO, | ) ) ) |
| Plaintiffs, | ) ) Case No. 20 C 2980 |
| v. | ) ) Judge Robert W. Gettleman |
| HOWARD BANK, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION & ORDER**

On May 19, 2020, plaintiffs Lourdes Guerrero, Iris Rodriguez, and Manuel Guerrero (collectively, "plaintiffs") sued defendant Howard Bank, now known as First National Bank of Pennsylvania, in a two-count complaint, asserting claims for declaratory judgment and slander of title. Their claims arose from an allegedly fraudulent mortgage made to Amorous Lesko, plaintiffs' niece. In their original complaint, plaintiffs alleged that defendant improperly recorded a mortgage on their property without their consent, and that Amorous Lesko and her mother, Yvonne Lesko (plaintiffs' sister), fraudulently obtained the mortgage. Defendant answered the complaint and raised several affirmative defenses.

In 2021, the circumstances surrounding the lawsuit changed. In April 2021, plaintiffs sold the property for $700,000. To consummate the sale, plaintiffs paid defendant the contested mortgage of $143,321.49. On December 3, 2021, plaintiffs filed their first amended complaint (Doc. 100), which brought the same two counts of declaratory judgment (Count I) and slander of title (Count II). Defendant moved to dismiss both counts (Doc. 101), and the court granted defendant's motion (Doc. 111).

On June 1, 2022, plaintiffs filed their second amended complaint (Doc. 120), which

1

continues to assert slander of title (Count II) but also asserts a claim of unjust enrichment (Count I). Defendant moves to dismiss both counts (Doc. 122). For the reasons stated below, defendant's motion is granted.

## BACKGROUND

As discussed in the court's prior opinion, Guerrero v. Howard Bank, No. 20 C 2980, 2022 WL 1211480 (N.D. Ill. Apr. 25, 2022), the instant suit arises out of a dispute among four siblings, all of whom were original beneficiaries under their mother's will. According to the state court record, the three plaintiffs in the instant case sued their older sister, Yvonne Lesko, in the Circuit Court of Cook County in 2011, alleging that Yvonne exerted undue influence over their mother, who suffered from Alzheimer's disease. Plaintiffs alleged that Yvonne misappropriated funds from their mother's accounts and made herself the sole beneficiary of their mother's home ("the property"). Ultimately, in 2018, the state trial court ruled in favor of plaintiffs, finding they were each entitled to a share of the misappropriated funds and a one-quarter interest in the property. Guerrero v. Lesko, 2018 IL App (1st) 163087-U. On March 27, 2020, under an agreed judge's deed ("the 2020 Judge's Deed"), plaintiffs became owners of record for the property. The 2020 Judge's Deed conveyed Yvonne and Amorous Lesko's interests to plaintiffs and was recorded on April 20, 2020.

On July 1, 2016, during the state court proceedings, Yvonne complicated matters by attempting to obtain a mortgage on the property from defendant in the instant case, Howard Bank. Plaintiffs allege that Howard Bank refused to grant Yvonne a mortgage due to the state court judgments entered against her and her poor credit history. According to plaintiffs, Yvonne then improperly transferred the property to her daughter, Amorous Lesko, without the knowledge or authorization of the three plaintiffs, who each arguably owned a quarter interest in the

property at the time. After the transfer, Amorous entered into a mortgage with Howard Bank on the property and split the proceeds with her mother, Yvonne. On December 22, 2016, defendant recorded its mortgage lien on the Property. In March and April 2017, plaintiffs recorded two lis pendens notices against the property after Amorous conveyed the mortgage, and plaintiffs originally claimed that they were unable to sell the property because defendant's mortgage lien encumbered the title. In April 2021, however, the plaintiffs sold the property and used part of the proceeds to pay off the mortgage.

In their first amended complaint, plaintiffs alleged that defendant Howard Bank improperly recorded the mortgage on the property in December 2016 because defendant knew about the state court judgments against Yvonne and knew that it could not mortgage the property without plaintiffs' consent. This court, however, dismissed plaintiffs' claim for declaratory judgment because it found that plaintiffs were "merely seeking a declaration of liability,"[1] which is not the purpose of declaratory relief. It also dismissed plaintiffs' claim for slander of title because plaintiffs did not tie any misconduct <u>by the defendant</u>, rather than by Yvonne and Amorous, to the alleged harm in the complaint. The court noted that "[a]t most, plaintiff alleges that defendant knew of the state court judgments against Yvonne, and knew that Yvonne had only a one-quarter interest in the property," which is insufficient to plead misconduct.

## **DISCUSSION**

"To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). For a claim to have "facial plausibility," a plaintiff must plead "factual

---

[1] Plaintiffs wanted a declaration that "Howard Bank had no right to a mortgage on Plaintiffs' property . . . and that Plaintiffs were entitled to a recordable Release of mortgage and that Plaintiffs are entitled to a return of their money from Howard Bank once it learned of Plaintiffs' interest in the property."

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id. Allegations of fraud must satisfy the heightened pleading standard of Rule 9(b) and "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

    Defendant moves to dismiss both counts. In resolving this motion, the court notes that it relies upon documents attached to the motion to the extent they are part of the public record or referenced in the complaint. See Squires-Cannon v. White, 864 F.3d 515, 517 (7th Cir. 2017). Here, as in its previous opinion, the court takes judicial notice of the underlying state court opinions and record because they are central to plaintiffs' complaint and claims.

    The court first turns to plaintiffs' slander of title claim. Plaintiffs state that they filed an amended Count II for two reasons: (1) they believe that they have pleaded additional facts that "establish the elements of Slander of Title and continuing damages up until the sale of the property," and (2) they wish to preserve the issue for appeal. The court is unable to locate "additional facts" beyond plaintiff's new assertion that "[a]t all times, at least since it filed it[s] Answer to the original Complaint herein (August 6, 2020) Howard Bank has known, and judicially admitted, that the Plaintiffs did not and never did owe it any money." The court finds that this additional factual allegation is insufficient to transform plaintiffs' previously dismissed slander of title claim into a plausible claim. The court agrees with defendant that plaintiffs have not pleaded facts to suggest malice or other misconduct. A more plausible explanation for defendant's conduct is that plaintiffs' interests were subordinate to defendant's lien. The court dismisses Count II, with prejudice.

4

The court next turns to plaintiffs' unjust enrichment claim, which the court also dismisses. To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that a defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. See HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc., 131 Ill. 2d 145, 160 (1989).

Defendant argues that plaintiffs cannot establish detriment, or that defendant's retention of a benefit violates the fundamental principles of justice, equity, and good conscience. Defendants emphasize that any interest that plaintiffs acquired in the property under the Judge's Deed (recorded April 2020) was subordinate to defendant's mortgage (recorded December 2016), citing 765 ILCS 5/30.[2] According to defendant, even if plaintiffs collectively had a three-quarters interest in the property at the time that defendant's mortgage was recorded, at least one-quarter of the property was legitimately subject to the mortgage. Because plaintiffs paid defendant "well below one-quarter of the sale price," defendant emphasizes that it could not be unjustly enriched.

Plaintiffs counter that Amorous had no right to mortgage the entire property, rather than merely a one-quarter interest, and as of August 2019, defendant knew "the circumstances of the fraudulent mortgage," including the trial and appellate state court decisions. Plaintiffs argue that they were "coerced" into selling the property and paying defendant $143,321.40 to release

---

[2] 765 ILCS 5/30 provides that:

> "[a]ll deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record."

Amorous's $130,000 mortgage on it.³ Such payment, according to plaintiffs, establishes the requisite detriment. Further, plaintiffs argue that it is unjust for defendant to "shift its business loss" to them when they arguably "did not owe" any of the payout to defendant.

The court easily rejects plaintiffs' concern that the mortgage is improper because Amorous attempted to mortgage the entire property. The Illinois Supreme Court has determined that co-tenants may mortgage their individual interests in jointly held property. See Harms v. Sprague, 105 Ill.2d 215, 224 (1984). When a co-tenant owns less than the entire property and attempts to mortgage the whole, the mortgage is valid only as to the mortgagor's actual interest. See South Side Bank & Trust Co. v. Sherlock Homes, Inc., 6 Ill.App.2d 138, 141 (1955). Where the mortgage "purport[s] to grant a greater estate than it actually owned, the conveyance [is] void only as to the excess." Id., citing Triger v. Carter Oil Co., 372 Ill. 182, 185 (1939).

Moreover, the court agrees with defendant that the facts show that its mortgage was recorded first in time, making plaintiffs' interests in Yvonne and Amorous's one-quarter interest subordinate to the mortgage. See, e.g., Iglehart v. Crane, 42 Ill. 261, 264–65 (1866); see also Lobo IV, LLC v. V Land Chicago Canal, LLC, 2019 IL App (1st) 170955, ¶ 127. As defendant notes, plaintiffs do not address this argument, likely because Illinois law forecloses any contrary assertion. See 765 ILCS 5/30.

The court disagrees with defendant, however, that the owners of subordinate interests in property necessarily assume the obligations of predecessors in interest. Taking property "subject to" a lien does not necessarily mean that a successor in interest "assumes" the lien; in other words, just because a property is encumbered with ("subject to") a mortgage, that encumbrance does not mean that the successor in interest—rather than the mortgagor—is obligated to pay the

---

³ The parties do not dispute that the mortgage cost at closing was the result of additional interest and fees due to Amorous's payment penalties and default.

mortgage (has "assumed" the mortgage). In Lobo IV, LLC v. V Land Chicago Canal, LLC, the court determined that "executing a contract that is subject to an indebtedness does not obligate [the successor in interest] to pay that indebtedness unless it has agreed to do so." 2019 IL App (1st) 170955, ¶ 127, citing Charter Bank v. Eckert, 223 Ill. App. 3d 918, 928 (1992) ("Generally, the law provides that when a person takes property 'subject to' an indebtedness, he does not have a personal obligation to pay the indebtedness or to indemnify the grantor against the payment of the indebtedness unless he has expressly agreed to do so."); Pollard v. Waggoner, 165 Ill. App. 3d 501, 505 (1988) (same); Pearce v. Desper, 11 Ill. 2d 569, 575 (1957) ("The words 'subject to' do not indicate an understanding that the mortgage was to be assumed.").

A successor in interest generally takes property subject to a mortgage only where the party has actual or constructive notice of a prior lien. See Skidmore, Owings & Merrill v. Pathway Financial, 173 Ill. App.3d 512, 514 (1988). In the instant case, plaintiffs held the last one-quarter interest in the property subject to the mortgage because the facts show that they had record notice of the lien. As discussed above, plaintiffs' interests were junior interests to defendant's mortgage, which was first in time.

The more difficult question is whether plaintiffs assumed the mortgage. If plaintiffs assumed the mortgage when Amorous and Yvonne conveyed their one-quarter interest in the 2020 Judge's Deed, then plaintiffs' claim for unjust enrichment fails as a matter of law because Illinois law obligated plaintiffs to pay off the mortgage. On the other hand, if the court finds that plaintiffs have plausibly alleged that they did not assume the mortgage, then plaintiffs have properly pleaded a claim for unjust enrichment. The court finds that the closest that plaintiffs come to addressing whether they assumed the mortgage is their repeated assertions that they were "coerced" to pay defendant, or that they paid defendant due to "economic duress." Such

7

assertions contradict the finding that plaintiffs agreed to assume the mortgage.

On the other hand, plaintiffs fail to allege any facts to suggest coercion or duress, which are legally significant terms that require their own factual predicates. See, e.g., Joyce v. Year Invs., Inc., 45 Ill. App. 2d 310, 313–14 (Ill. App. Ct. 1964). On the face of plaintiffs' second amended complaint, plaintiffs allege legal conclusions in lieu of facts, and the facts alleged indicate that plaintiffs voluntarily assumed the mortgage obligations because releasing the mortgage was in their best interests, given that plaintiffs admit that they were having trouble selling the property before release. Therefore, the court dismisses Count I for unjust enrichment. Because plaintiffs have had three attempts to state a claim, their second amended complaint is dismissed with prejudice. See, e.g., Bank of America, N.A. v. Knight, 875 F.Supp.2d 837, 854 (N.D. Ill. 2012).

## CONCLUSION

For the reasons set forth above, the court dismisses plaintiff's second amended complaint (Doc. 120) with prejudice. On the court's own motion, Defendant Howard Bank's Third-Party Complaint (Doc. 13) is dismissed as moot.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: October 19, 2022**